## HALPIN v. WAYNE CIRCUIT JUDGE.

FORECLOSURE—COSTS AGAINST CODEFENDANT.

Where, in a foreclosure suit, a tenant of the mortgagors appears and disclaims, he cannot recover costs against his codefendants, the mortgagors, who have not appeared.

*Mandamus* by William H. Halpin and Mary J. Halpin to compel Joseph W. Donovan, circuit judge of Wayne county, to set aside an order for costs against relators. Submitted November 11, 1902. (Calendar No. 19,596.) Writ granted December 29, 1902.

One David P. Lapham filed a foreclosure bill in equity against William H. Halpin, his wife, Mary, and one Pierce. Halpin was the mortgagor. Upon the chancery subpœna was indorsed that no personal decree was claimed against Mary Halpin or Pierce. The bill was taken as confessed against the Halpins. Pierce filed a brief answer that he was living on the premises as the tenant of Halpin; that his lease expired in March, 1902; that he was ready and willing to vacate the premises and to comply with the order of the court,—and asked the direction of the court as to what he should do in the premises. After the decree was rendered in favor of the complainant, the court made a supplemental order allowing $30 costs to Pierce against the relators. The relators moved to set this order aside, which the court refused, and they now seek the writ of *mandamus* for that purpose.

*J. Emmet Sullivan*, for relators.

*Harry H. Wait*, for respondent.

PER CURIAM. We are not aware of any rule of law or equity to authorize this order. The Halpins did not appear. Defendant Pierce appeared and disclaimed. If he was

entitled to any costs, it was against the complainant, and not against his codefendants.

The writ will issue, with costs to relators.